UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE TU,<br><br>                                   Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., et al.,<br><br>                                   Defendants. | Case No.:  24cv1221-WQH (MSB)<br><br>**ORDER DENYING DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO EXTEND CERTAIN CASE DEADLINES [ECF NO. 114]** |

Pending before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Opposed Motion to Extend Certain Case Deadlines.  (ECF No. 114.)  After the Honorable District Judge William Q. Hayes issued an order permitting Plaintiff to file a supplemental response to Experian's renewed Motion to Compel Arbitration, Experian requested the Court resume briefing as to its Motion to Stay Discovery.  (Id. at 2.)  The Court granted that motion and entered a briefing schedule allowing Plaintiff to respond by February 11, 2026, and Defendant to reply by February 18, 2026.  (ECF No. 113.)  Now, Experian asks the Court to extend several discovery deadlines because it argues "[a]llowing discovery to proceed in this forum, particularly without a ruling on

Experian's Motion to Stay Discovery (not to mention its Arbitration Motion), would deprive Experian of 'the advantage of arbitration.'"  (ECF No. 114 at 3 (quoting Winig v. Cingular Wireless, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (internal citations omitted).)  Experian states its Motion to Compel Arbitration "would be constructively denied if discovery proceeds in this forum through completion of fact discovery."  (Id.)  Lastly, Experian contends moving certain discovery deadlines "will provide additional time for the Parties to brief, and the Court to decide, Experian's Motion to Stay Discovery and its Arbitration Motion without impacting trial deadlines."  (Id.)  Counsel for Experian says he telephonically met and conferred with Plaintiff's counsel on February 5, 2026, and Plaintiff opposes the requested relief.  (Id. at 2.)  Plaintiff did not file a response.  (See generally Docket.)

A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause standard "primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  This case has an extensive procedural history, which is important to consider in reviewing the instant Motion.  Plaintiff filed her Complaint more than eighteen months ago on July 17, 2024.  (ECF No. 1.)  The Court originally scheduled the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") to occur in September 2024.  (See ECF No. 21.)  However, after Experian filed its first Motion to Compel Arbitration, the Court vacated these conferences pending the resolution of that motion.  (See ECF Nos. 24 & 27.)  From November 2024 to April 2025, the Court held several telephonic discovery conferences with counsel for the parties, during which the Court consistently limited discovery before the ENE and while the Arbitration Motion was still pending.  (See ECF Nos. 31, 46, 57.)  On April 16, 2025, Judge Hayes issued an Order denying without prejudice Experian's Motion to Compel Arbitration [ECF No. 54], and the Court subsequently reset the ENE and CMC for late June 2025.  (ECF No. 59.)

24cv1221-WQH (MSB)

After an unsuccessful ENE, the Court held the CMC and issued the Scheduling Order formally opening discovery on July 1, 2025.  (ECF Nos. 64–65.)  More than seven months have passed since then, and the parties appear to have made minimal progress toward completing discovery.  While the Court appreciates that Experian filed a renewed Arbitration Motion [ECF No. 80] on September 25, 2025, and this motion is still pending before the District Court, it is the Court's responsibility to ensure the "just, speedy and inexpensive determination" of this action.  See Fed. R. Civ. P. 1.  In a January 12, 2026, Order, Judge Hayes noted "Plaintiff's position that she cannot adequately respond to the pending Motion to Compel Arbitration absent additional discovery." (ECF No. 107 at 2.)  Judge Hayes permitted Plaintiff to file a supplement to her Opposition to the Arbitration Motion no later than March 23, 2026—a week after the current cutoff of fact discovery.  (Id.)  Given Judge Hayes' recent directive, Plaintiff's opposition to the instant Motion, and the length of time that has already elapsed in this case, the Court finds there is not sufficient good cause to modify the Scheduling Order. Accordingly, the Court **DENIES** Defendant's Ex Parte Motion [ECF No. 114].

> **IT IS SO ORDERED**.

Dated:  February 9, 2026

Honorable Michael S. Berg
United States Magistrate Judge

24cv1221-WQH (MSB)